USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gabriella Bass,

              Plaintiff,

       –v–

Diversity Inc. Media,

              Defendant.

19-cv-2261 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On July 10, 2019, Plaintiff Gabriella Bass filed a motion for default judgment. *See* Dkt. No. 14. For the following reasons, the Court GRANTS Plaintiff's motion.

## I. BACKGROUND

On March 12, 2019, Plaintiff filed a Complaint against Defendant Diversity Inc. Media, alleging copyright infringement and the removal of copyright management information by Defendant. *See* Compl. (Dkt. No. 1) ¶¶ 7-27. According to the Complaint, Defendant publicly displayed an unauthorized reproduction of a copyrighted photograph of Statue of Liberty climber Therese Patricia Okoumou, owned and registered by Bass, a professional photographer. *Id.* ¶ 1. The photograph was first licensed to the New York Post, which ran an article that featured the photograph. *Id.* ¶ 8. Defendant's name was featured in a "gutter credit" accompanying the photo, which identified her as the photographer. *Id.* Subsequent to the publishing of the New York Post article, Defendant posted an article on its website that also featured Plaintiff's photograph without any "gutter credit." *Id.* ¶¶ 11, 21. According to the Complaint, Defendant had neither a license, nor Plaintiff's permission or consent, to publish the photograph on its website. *Id.* ¶ 12.

1

Defendant was served on March 14, 2019.  Dkt. No. 6.  Defendant did not appear or respond to the Complaint, and on July 8, 2019, Plaintiff requested the entry of a default against Defendant.  Dkt. No. 11–12.  A certificate of default was entered by the Clerk of Court that same day.  Dkt. No. 13.  On July 10, 2019, Plaintiff moved for default judgment against Defendant.  Dkt. No. 14.  Plaintiff served the motion for default judgment on Defendant and filed proof of that service on the public docket.  Dkt. No. 19.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."  *Mickalis Pawn Shop*, 645 F.3d at 128.  Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

### A.  Liability

On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint.  Fed. R. Civ. P. 8(b)(6); *S.E.C. v.*

*Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013).  However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action.  *See Zhen Ming Chen v. Y Café Ave B Inc.*, 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

### 1.  Copyright Act Claim

To establish a violation of the Copyright Act, 17 U.S.C. § 501, a plaintiff must demonstrate her ownership of a valid copyright and defendant's infringement—that is, copying of original elements of the copyrighted work.  *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010); *Malibu Media, LLC v. Doe*, No. 15-cv-2624 (ER), 2015 WL 6116620, at *3 (S.D.N.Y. Oct. 16, 2015).  Both requirements are satisfied here.  Plaintiff's Complaint alleges that she owns a valid copyright in the photograph under Copyright Registration Number VA 2-120-590.  *See* Compl. ¶¶ 9–10; *see also Papazian v. Sony Music Entm't*, No. 16-cv-07911 (RJS), 2017 WL 4339662, at *6 n.6 (S.D.N.Y. Sept. 28, 2017) ("The Court is entitled to take judicial notice of copyright registrations as published in the Copyright Office's registry.").  And the Complaint alleges that Defendant infringed on Plaintiff's copyright by reproducing and publicly displaying the photograph on its website.  Compl. ¶¶ 11-12.  Accordingly, the Court finds that Plaintiff has established a *prima facie* case for recovery with respect to her Copyright Act Claim.

### 2.  Digital Millennium Copyright Act Claim

The Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, prohibits doing any of the following "without the authority of the copyright owner or the law" and with knowledge or reasonable grounds to know that it will "induce, enable, facilitate, or conceal" infringement:

(1) intentionally remov[ing] or alter[ing] any copyright management information,

(2) distribut[ing] or import[ing] for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3) distribut[ing] . . . works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law.

17 U.S.C. § 1202(b).

"[T]o state a valid claim under subsection 1202(b), a plaintiff must allege 1) the existence of CMI [copyright management information] on the products at issue; 2) removal and/or alteration of that information; and 3) that the removal and/or alteration was done intentionally." *Aaberg v. Francesca's Collections, Inc.*, No. 17-cv-115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018). As relevant here, the statutory definition of CMI includes: 1) "[t]he name of, and other identifying information about, the author of a work," 17 U.S.C. § 1202(c)(2); 2) "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," *id.* § 1202(c)(3); and 3) "[i]dentifying numbers or symbols referring to such information or links to such information," *id.* § 1202(c)(7).

All three of these requirements are satisfied here. Plaintiff alleges that when the New York Post ran its article featuring the photograph, it was accompanied by a "gutter credit" identifying Plaintiff as the photographer. Compl. ¶ 8; *see* Dkt. No. 1-2. Plaintiff also alleges that Defendant "intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph" "without the knowledge or consent of Plaintiff" when it "copied the Photograph from the New York Post . . and placed it on its Website without the gutter credit." Compl. ¶¶ 21, 22, 24; *see also* Dkt. No. 1-3. These allegations, which are taken as true after default, are sufficient to establish liability under § 1202(b).

Accordingly, the Court concludes that Plaintiff has established a *prima facie* case for recovery on both of her claims.

### B.  Damages

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12-cv-2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)).  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted).  "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-cv-6620 (DLC), 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (internal quotation marks omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).[1]

### 1.  Copyright Act Claim

---

[1] The Court concludes that no hearing is necessary here, "[p]articularly since plaintiff seeks statutory damages." *Seelie v. Original Media Grp. LLC*, No. 19-cv-5643 (BMC), 2020 WL 136659, at *1 (E.D.N.Y. Jan. 13, 2020).

Plaintiff has elected to recover statutory damages here, which the Court determines she is eligible to recover.[2]  Under the Copyright Act, a plaintiff who elects statutory damages is entitled to an award of between $750 and $30,000 per work infringed, "as the court considers just."  17 U.S.C. § 504 (c)(1).  Where the infringement is "willful," the maximum permissible award per infringed work rises to $150,000.  *Id*. § 504 (c)(2).

The Copyright Act affords the trial court "wide discretion" in setting the amount of statutory damages.  *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986).  "Case law reflects a wide range of awards where there have been infringing uses of photographs."  *Burch v. Nyarko*, No. 06-cv-7022 (LAP) (GWG), 2007 WL 2191615, at *3 (S.D.N.Y. July 31, 2007) (collecting cases).  In calculating the appropriate statutory damages award, courts in this Circuit consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010).  Here, Plaintiff seeks a statutory award of $30,000.  Dkt. No. 15 ¶ 11.

With respect to the first factor, it is established that Defendant willfully infringed Plaintiff's copyright.  Compl. ¶ 16.  Indeed, "[c]opyright infringement is deemed willful by

---

[2] The Copyright Act provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for–(l) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.  Plaintiff's registration, which the Court takes judicial notice of, indicates that the photograph at issue was first published in July 2018, and the registration became effective within three months of first publication, on September 21, 2018.  *See* United States Copyright Office, *Public Catalog*, https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=va0002120590&Search_Code=REGS&PID=ohv-QYLENs2odhrlLcB6mfXdhrx-&SEQ=20200224200711&CNT=25&HIST=1.

virtue of a defendant's default." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015).

However, the remaining factors are either inapplicable on default or weigh against the large statutory award Plaintiff seeks here. With respect to the second factor, Plaintiff has not alleged anything regarding Defendant's profits as a result of the use of her photograph. With respect to the third factor—revenue lost by Plaintiff—she has "limited [the Court's] ability to analyze [this factor] to determine the appropriate award," *Seelie*, 2020 WL 136659, at *2, by "respectfully declin[ing] to submit evidence of [her] actual losses in the form of licensing fee history," *see* Dkt. No. 15 ¶ 16.

> As a professional photographer who licensed the photograph at issue, Plaintiff presumably could have supplied information on [her] lost revenue, including licensing fees. [She] chose not to do so. Although [she] is not required to submit such evidence to obtain statutory damages, the seeming absence of tangible harm is something the Court may consider.

*Mantel v. Smash.com Inc.*, No. 19-cv-6113 (FPG), 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019). The Court thus infers from Plaintiff's "respectful refusal"—as a court in its sister District has—that any revenue lost by Plaintiff as a result of Defendant's infringement is *de minimis*. *Seelie*, 2020 WL 136659, at *4. Accordingly, this factor weighs against the $30,000 statutory award Plaintiff seeks here.

The fourth factor also ultimately weighs against a large statutory damages award, because Plaintiff has alleged few facts suggesting a large award is necessary to deter Defendant and third parties. Plaintiff rightly points out that there is a deterrent value in assessing statutory damages against defendants who, like Defendant in this case, are in the publishing industry, because such defendants are "in a position to repeat the unauthorized reproduction of copyrighted material." *See Van Der Zee v. Greenidge*, No. 03-cv-8659 (RLE), 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006). Moreover, high statutory damages may be warranted as a deterrent where defendants

profit significantly despite repeated notices that they are infringing on the plaintiff's copyright. *See, e.g.*, *Ermenegildo Zenga Corp. v. 56th Street Menswear, Inc.*, 2008 WL 4449533, at *1 (S.D.N.Y. Oct. 2, 2008).  However, Plaintiff has not here alleged that Defendant is, in fact, a serial copyright infringer, or that it continues to infringe copyrights in spite of repeated notices of infringement.

Plaintiff's withholding of her actual licensing fee—and the Court's resulting inference that any revenue lost by her must be *de minimis*—also affects the Court's deterrence analysis. "Courts in this District have . . . found that damage awards amounting to three times the plaintiff's licensing fee are adequate both to deter the defendant from violating copyright law in the future, and to serve as a general deterrent to other potential infringers." *Erickson Prods., Inc. v. Only Websites, Inc.*, No. 12-cv-1693 (PGG), 2016 WL 1337277, at *3 (S.D.N.Y. Mar. 31, 2016).  Because the Court infers from Plaintiff's withholding of her licensing fee that it must be low, a statutory award of $30,000 would be far greater than necessary to adequately deter Defendant and other potential infringers.  Accordingly, though Plaintiff's statutory damages award should be crafted to have some deterrent effect, she has failed to establish that an award as large as the one she seeks here is necessary.

Finally, the fifth factor is irrelevant where, as here, Defendant has defaulted, and the sixth factor—Plaintiff's conduct—also weighs against the large statutory award she seeks.  Indeed, the "dearth of information that [P]laintiff has provided" has hampered the Court's ability to analyze these factors, as set forth above.  *Seelie*, 2020 WL 136659, at *5.

In light of the foregoing, the Court concludes that an award of $5,000 is appropriate. Such an amount is likely "a substantial multiple of [her] licensing fee," and thus will "satisfy the dual purposes of statutory damages—compensation and deterrence."  *Id.* (concluding that $5,000

was appropriate statutory damages award where plaintiff withheld actual licensing fee, and court

thus inferred that his licensing fee would likely fall between $1 and $1,000); *see also Philpot v.*

*Music Times LLC*, No. 16-cv-1277 (DLC), 2017 WL 1906902, at *1 (S.D.N.Y. May 9, 2017)

(finding statutory damages award of $5,000 sufficient to compensate plaintiff and punish

defendant for its unauthorized use of two photographs where plaintiff offered no evidence

regarding actual damages or market value of photographs).

### 2.  DMCA Claim

The DMCA permits a plaintiff to recover an award of statutory damages, in the range of

$2,500 to $25,000, "for each violation of section 1202."  17 U.S.C. § 1203(c)(3)(B).  And

Plaintiff may recover under the DMCA, in addition to the Copyright Act, as each statute

"protect[s] different interests."  *Agence France Presse v. Morel*, No. 10-cv-2730 (AJN), 2014

WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014).  In awarding statutory damages under the

DMCA, courts "consider [several] factors . . . , namely, the difficulty of proving actual damages,

the circumstances of the violation, whether [d]efendants violated the DMCA intentionally or

innocently, and deterrence."  *Id*.

Plaintiff seeks a statutory award of $10,000 for the DMCA claim.  Dkt. No. 15 ¶ 12.  For

many of the same reasons already articulated, the Court concludes that a statutory damages

award of $5,000 is also appropriate for Defendant's DMCA violation.  *See Mantel*, 2019 WL

5257571, at *4 (noting that "[c]ourts have found an award of $5,000 [for a DMCA violation]

appropriate in circumstances like these, where there is evidence of willfulness but also a lack of

evidence of direct injury"); *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019)

(concluding that a $5,000 award of statutory damages for DMCA violation was appropriate for

removal of copyright management information from one photo).

### C. Attorney's Fees

The Copyright Act expressly permits an award of reasonable attorney's fees.  17 U.S.C. §
505.  Similarly, the DMCA permits the court, "in its discretion," to award reasonable attorney's
fees to the prevailing party in a civil action under § 1202.  *See* 17 U.S.C. § 1203(b)(5).  Here,
awarding fees and costs to Plaintiff is appropriate.  *See Kepner–Tregoe, Inc. v. Vroom*, 186 F.3d
283, 289 (2d Cir. 1999) (affirming award of attorney's fees and costs where there was willful
infringement).

Plaintiff seeks attorney's fees of $2,975.  Dkt. No. 15 ¶ 13.  Plaintiff's counsel states that
this amount is the equivalent of 7 hours of billable work multiplied by $425 an hour.  Dkt. No.
15 ¶ 23.

"The most useful starting point for determining the amount of a reasonable fee is the
number of hours reasonably expended on the litigation multiplied by a reasonable hourly
rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182,
186 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983)).  The hourly rate
should be "in line with those [rates] prevailing in the community for similar services by lawyers
of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895
n. 11 (1984).  "In determining what a reasonable hourly rate is, the court should not only
consider the rates approved in other cases in the District, but should also consider any evidence
offered by the parties.  The Court is also free to rely on its own familiarity with prevailing rates
in the District." *Noble v. Crazetees.com*, No. 13-cv-5086 (PAE) (HBP), 2015 WL 5697780, at
*9 (S.D.N.Y. Sept. 28, 2015) (citations omitted).  The "fee applicant has the burden of showing
by satisfactory evidence—in addition to the attorney's own affidavits—that the requested hourly

rates are the prevailing market rates." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (internal quotation marks omitted).

Plaintiff's counsel states that he is the "founding member and managing partner at Liebowitz Law Firm, PLLC," Dkt. No. 15 ¶ 22, and that his hourly rate is $425, *id.* ¶ 23.  A review of cases in this District and in the Eastern District of New York suggests that courts have approved associate rates of $350 and up to $500 for partners in copyright cases.  *See Romanowicz v. Alister & Paine, Inc.*, No. 17-cv-8937 (PAE) (KHP), 2018 WL 4762980, at *7 (S.D.N.Y. Aug. 3, 2018) (collecting cases), *report and recommendation adopted,* No. 17-cv-8937 (PAE) (KHP), 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).  Plaintiff's counsel has also previously been awarded $425 per hour in the Eastern District of New York.  *See Seelie*, 2020 WL 136659, at *6.  Accordingly, the Court will award attorney's fees at a rate of $425 an hour for Plaintiff's counsel.

The next issue is the reasonableness of the hours spent on the litigation.  The Court concludes that the seven hours of time Plaintiff's counsel billed, Dkt. No. 15 ¶ 23,  is a reasonable amount of time spent bringing this case thus far.  The Court therefore approves counsel's hourly rate of $425 per hour for seven hours for a total attorney's fees award of $2,975.

Finally, Plaintiff also seeks costs of $440.  Dkt. No. 15 ¶ 13.  Section 505 allows the prevailing party to recover its "full costs" incurred in protection of its copyright.  17 U.S.C. § 505.  Plaintiff seeks costs for the court filing fee and the service fee.  Dkt. No. 15 ¶ 23.  Such costs are reasonable.  *See Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813, at *13 (S.D.N.Y. Dec. 12, 2013) ("Where . . . there is no doubt that there were legitimate expenses

in the case, the Court may exercise its discretion and award costs." (internal quotation marks and alterations omitted)).  Plaintiff is therefore awarded $440 in costs.

## III.    CONCLUSION

Accordingly, Plaintiff's motion for default judgment is GRANTED.  Judgment is entered against Defendant in the amount of $5,000 for the Copyright Act infringement and $5,000 for the DMCA violation.  The Court also awards $2,975 in attorney's fees and $440 in costs.

The Clerk of Court is respectfully directed to enter judgment and close this case.  This resolves Dkt. No. 14.

SO ORDERED.

Dated: May 28, 2020
        New York, New York

_____

ALISON J. NATHAN
United States District Judge

12